IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

Javion Camacho,                          )
                                         )
                    Petitioner,          )          C.A. No. 5:19-598-HMH-KDW
                                         )
        vs.                              )          **OPINION & ORDER**
                                         )
Warden of FCI Williamsburg,              )
                                         )
                    Respondent.          )

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Kaymani D. West made in accordance with 28 U.S.C. § 636(b) and Local

Civil Rule 73.02 of the District of South Carolina.[1]  Javion Camacho ("Camacho") seeks habeas

corpus relief pursuant to 28 U.S.C. § 2241.  In her Report and Recommendation, Magistrate

Judge West recommends dismissing Camacho's § 2241 petition without prejudice and without

requiring the Respondent to file a return.

Camacho filed objections to the Report and Recommendation.  Objections to the Report

and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of

a party's right to further judicial review, including appellate review, if the recommendation is

accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir.

1984).  In the absence of specific objections to the Report and Recommendation of the

_____

[1] The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  See Mathews v. Weber, 423
U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those
portions of the Report and Recommendation to which specific objection is made.  The court may
accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge
or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Camacho's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  However, the court was able to glean one specific objection. Camacho objects to the magistrate judge's conclusion that he cannot satisfy the second prong of the 28 U.S.C. § 2255(e) savings clause test set forth in United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018).  (Objs., generally, ECF No. 21.)

A federal prisoner may challenge the legality of his sentence under § 2241 if the prisoner can demonstrate that § 2255 is inadequate or ineffective to test the legality of the sentence.  See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citing 28 U.S.C. § 2255); Wheeler, 886 F.3d at 428.  To demonstrate that § 2255 is inadequate or ineffective to test the legality of the sentence, a prisoner must establish that

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429.

On February 21, 2014, Camacho was sentenced to 250 months' imprisonment after pleading guilty on September 18, 2013, to conspiracy to distribute and possession with the intent

to distribute heroin.  United States v. Camacho, Cr. No. 1:13-cr-58-AKH-1 (S.D.N.Y. 2014).[2]

Camacho submits that Garza v. Idaho, 139 S. Ct. 738 (2019), presents a change in substantive

law that undermines the legality of his sentence.  (Objs. 1-2, ECF No. 21.)  Under Garza, an

attorney's failure to file a notice of appeal, despite a defendant's express instructions to do so, is

presumptively prejudicial under Strickland v. Washington, 466 U.S. 668 (1984), even if the

defendant pled guilty pursuant to a plea agreement containing an appeal waiver.  Garza,

139 S. Ct. at 749-50.  The holding in Garza does not change any settled substantive law that

established the legality of Camacho's sentence, as required by Wheeler.  Accordingly,

Camacho's objection is without merit.

Thus, Camacho has not demonstrated that § 2255 is inadequate or ineffective to test the

legality of his sentence in order to satisfy the savings clause and have his petition heard on the

merits.  Therefore, after a thorough review of the magistrate judge's Report and the record in

this case, the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that Camacho's amended § 2241 petition, docket number 11, is dismissed

without prejudice and without requiring the Respondent to file a return.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
May 16, 2019

---

[2]  This court may take judicial notice of the prior case.  Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.